Charles DAVIS, Plaintiff,

v.

Sgt. William FRAPOLLY, Star No. 806, a Police Officer in his individual capacity, Robert Chernik, Star No. 941, and Edward Kopsky, Star No. 0953, Police Officers in their individual capacities, Defendants.

No. 89 C 2218.

United States District Court, N.D. Illinois, E.D.

Jan. 15, 1991.

---

Martin P. Greene, Keith E. Graham, Jones, Ware and Grenard, Chicago, Ill., for plaintiff.

Douglas McMillan, Sheila A. Owens, Sharon Baldwin, City of Chicago, Law Dept., Kelly R. Welsh, City of Chicago Corp. Counsel, Chicago, Ill., for Sergeant William Frapolly.

Douglas McMillan, Sheila A. Owens, Sharon Baldwin, Kelly R. Welsh, City of Chicago Law Dept., Chicago, Ill., for Robert Chernik, Edward Kopsky and Kelly Edward.

## ORDER

NORGLE, District Judge.

Before the court is the summary judgment motion of defendant Edward Kopsky ("Kopsky"). For the reasons stated below, the motion is granted.

## FACTS

On March 17, 1989, plaintiff Charles Davis ("Davis") filed this action against defendants William Frapolly ("Frapolly"), the Chicago Police Department, and other unknown police officers, alleging civil rights claims and state tort law claims arising from incidents occurring at approximately 9:00 p.m. on March 20, 1988. Plaintiff alleges that on this date, while driving his car with a friend, he was pulled over by police officer Frapolly. Davis alleges that he was subsequently beaten by Frapolly and several other police officers and was placed under arrest. Davis claims that the police officers' abusive behavior was entirely unprovoked and was based solely upon racial bigotry. (Davis is black and the individual defendants are white.)

On January 24, 1990, Davis filed his Second Amended Complaint adding Kopsky and two other police officers to this action. The only portion of this pleading which alleges facts specific to Kopsky states: "Notwithstanding the fact that Davis had surrendered himself and was in the control of Cyrus, Frapolly and upon information and belief, Kopsky, Kelly and Chernik assaulted Davis and Frapolly imposed upon Davis a choke hold." Second Amended Complaint, ¶ 13.

Kopsky has moved for summary judgment on the grounds that he "was not present during plaintiff's arrest or detention and had no contact with plaintiff concerning the incident alleged in the second amended complaint." Defendant Edward Kopsky's 12(1) Statement of Facts, ¶ 5.

## DISCUSSION

As a preliminary matter, the court addresses several issues raised by Davis in a pleading styled: "Plaintiff's Objections to Defendant Edward Kopsky's Motion for

Summary Judgment" ("Plaintiff's Objections"). The court construes this pleading as a motion to strike Kopsky's summary judgment motion on procedural grounds. First, Davis argues that he was not given proper notice of the motion for summary judgment. Plaintiff's Objections, ¶ 10. The notice provision of Fed.R.Civ.P. 56(c) states: "The motion shall be served at least 10 days before the time fixed for the hearing." Kopsky's notice of motion and certificate of service indicate that the summary judgment motion was served on November 2, 1990 and was noticed for presentment on November 9, 1990. It is not clear to this court that the November 9, 1990 date constitutes "the hearing" on the motion contemplated by Rule 56(c).[1] Notably, the court held no evidentiary hearing or oral argument on Kopsky's motion on November 9; rather, this court date was used merely to set a written briefing schedule on the motion. This briefing schedule provided plaintiff with ample time to respond to Kopsky's motion with opposing affidavits and a memorandum of law. Additionally, Davis has not alleged that he has been prejudiced by insufficient notice of the motion. Therefore, Davis's notice argument provides inadequate grounds for striking Kopsky's motion.

■ Second, Davis argues that the declarations of Kopsky and Michael Gajewski, which are attached to Kopsky's motion, are improper because they "are not sworn statements under the rules." Plaintiff's Objections, ¶ 10. Both of these declarations are signed, dated, and begin with an affirmation that the declarant "under penalty of perjury deposes and states...." Neither declaration, however, is notarized and neither document reflects that the statements contained therein were sworn to before a notary public or other official. The court finds that these declarations, though unsworn, were signed under penalty of perjury and as such, may properly be considered as evidence in support of Kopsky's motion. Under 28 U.S.C. § 1746, an unsworn declaration which is dated and signed by the declarant under the penalty of perjury, has the same force and effect as a sworn affidavit for the purposes of any requirement imposed by any federal rule or regulation.[2] "The purpose of this legislation is to permit the use in Federal proceedings of unsworn declarations given under penalty of perjury in lieu of affidavits." H.R.Rep. No. 1616, 94th Cong., 2d Sess., *reprinted in* 1976 U.S.Code Cong. & Admin.News 5644. The court finds that the two declarations at issue meet the requirements of 28 U.S.C. § 1746, and serve the purpose of sworn affidavits for the purposes of Kopsky's motion. *See Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir.1985) ("so long as the documents comply with 28 U.S.C. § 1746 ... a district court should not be unnecessarily hypertechnical and overly harsh on a party who unintentionally fails to make certain that all technical, non-substantive requirements of execution are satisfied").

1. The court notes that General Rule 12(e) of the Rules of the United States District Court for the Northern District of Illinois ("local rules") requires movants to serve notices of their motion on the *"second* business day preceding the date of presentment. Where service of such notice is by mail, the notice shall be mailed at least five business days before presentment." Kopsky's notice of motion clearly was timely under the local rules.

2. 28 U.S.C. § 1746 provides as follows:

"§ 1746. *Unsworn declarations under penalty of perjury*
  Wherever, under any law of the United States or under any rule, regulation, order, of requirement made pursuant to law, any matter is required or permitted to be supported evidenced, established, or proved by the sworn declaration,

verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

　　*　　*　　*　　*　　*　　*

  (2) If executed within the United States, its territories, possessions, or commonwealths: 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
　(Signature)'."

██ Plaintiff's third and final objection is that he is unable to oppose Kopsky's motion until he is given the opportunity to depose Kopsky. The attempted deposition of Kopsky has been a major subject of contention between the parties. After Kopsky failed to appear at his initial deposition date on July 17, 1990, for health reasons, plaintiff filed a motion to compel. This court granted plaintiff's motion on August 3, 1990, ordering that Kopsky's deposition be taken before September 30, 1990. On September 14, 1990 Kopsky moved for a protective order in which he informed the court that he was receiving chemotherapy treatments for cancer and was advised not to travel. Kopsky also asserted that he was not on duty on the date in question, and had no contact with the plaintiff in connection with the incidents alleged in the lawsuit. Pursuant to Kopsky's motion, the court issued a minute order permitting plaintiff to serve six limited interrogatories on Kopsky. In his answers to the interrogatories, Kopsky stated that on March 20, 1990, he was neither on duty nor present at the police station and that he had no personal knowledge of any of the events concerning this litigation. At the October 23, 1990 status hearing, the court granted Kopsky's motion for protective order.

Plaintiff argues that he:

is prejudiced in attempting to respond to the Motion for Summary Judgment, because he has not had the opportunity to depose Kopsky, a name-defendant in this case, in order to corroborate the nature of Kopsky's participation, if any, in the incident subject of this litigation or to discern the status of his health as it relates to the protective order.

Plaintiff's Objections, ¶ 14. However, the court fails to see how plaintiff's deposition of Kopsky would help him respond to the summary judgment motion, in light of the fact that Kopsky has already stated, under penalty of perjury, that he was not present at any of the events alleged in the pleadings and has no personal knowledge of any of these incidents. Although a witness generally may not avoid a deposition on the grounds that he has no knowledge of any relevant facts,[3] under the particular circumstances of this case, Kopsky's deposition is far more likely to be burdensome and oppressive on the deponent than to provide any meaningful challenge to the motion for summary judgment. Thus, plaintiff's inability to depose Kopsky is not sufficient grounds for striking Kopsky's summary judgment motion. For the above reasons, plaintiff's motion to strike is denied.

Rule 56(c) of the Federal Rules of Civil Procedure provides that a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A plaintiff cannot rest on mere allegations of a claim without any significant probative evidence which supports his complaint. *Id.; see First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 *reh. den.,* 393 U.S. 901, 89 S.Ct. 63, 21 L.Ed.2d 188 (1968). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Accordingly, the non-moving party is required to go beyond the pleadings, affidavits, depositions, answers to interrogatories and admissions on file to designate specific facts showing a genuine issue for trial. *Id.*

Kopsky's motion for summary judgment presents the unadorned and straightforward factual defense of mistaken identity. The three-sentence motion simply states that Kopsky "was not present during plain-

---

**3.** *See* Wright & Miller, Federal Practice and    Procedure: Civil § 2037 (1970).

tiff's arrest or detention and had no contact with plaintiff concerning the incident alleged in the second amended complaint." Defendant Edward Kopsky's Motion for Summary Judgment. In support of his motion and pursuant to Rule 12(m) (formerly, Rule 12(*l*)) of the Rules of the United States District Court of the Northern District of Illinois ("Local Rules"), Kopsky filed a statement of material facts which states that:

5. Edward Kopsky was not present at the March 20, 1988 arrest or detention of plaintiff and had no contact with plaintiff concerning the incident alleged in the second amended complaint. (See Kopsky declaration).

6. Even if on March 20, 1988 Kopsky was on duty, he would have been assigned to the second watch and his hours would have been 8:00 a.m. to 4:30 p.m. (See Kopsky declaration).

Defendant Edward Kopsky's 12(*l*) Statement of Facts. The Declaration of Edward Kopsky, attached to Kopsky's Statement of Facts, states:

3. On March 20, 1988 I was not on duty as I was on vacation. (See attached and incorporated attendance and assignment sheet for March 20, 1988 for the Eleventh District.)

4. I was not present at the March 20, 1988 arrest or detention of plaintiff Charles Davis.

5. I never saw or had contact with plaintiff Charles Davis.

6. I have no knowledge of this incident.

7. Even if on March 20, 1988 I were on duty, I would have been assigned to work the second watch and my hours would have been 8:00 a.m. to 4:30 p.m.

As discussed above, Kopsky's declaration, though unsworn, was signed by Kopsky under penalty of perjury and has the same force and effect as a sworn affidavit for the purposes of this motion. Thus, Kopsky has sufficiently supported his motion.

Plaintiff, on the other hand, has provided no evidence whatsoever to support his claim that Kopsky was somehow involved in the events giving rise to this suit. Plaintiff's response to Kopsky's statement of facts states merely:

5. Denied

6. Lacks information sufficient to admit or deny.

Plaintiff's Rule 12(m) Statement of Facts. This response is not only procedurally improper, but it has the effect of admitting the facts asserted in Kopsky's statement which were not properly challenged. Local Rule 12(n) (formerly Rule 12(m)) states, in relevant part, that the response to a movant's 12(m) statement of facts:

shall contain (1) a response to each numbered paragraph in the moving party's statement, *including, in the case of disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon,* and (2) a statement ... of any additional facts which require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon. All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.

Local Rule 12(m). Plaintiff's bald denial of paragraph 5 of Kopsky's statement of facts (which Kopsky adequately supported by "affidavit"), devoid of any specific factual allegations and any specific references to the record, fails to comply with Local Rule 12(n) and constitutes an admission to Kopsky's statement. *See Bell, Boyd & Lloyd v. Tapy,* 896 F.2d 1101, 1103 (7th Cir.1990).[4] Local Rule 12 requires specificity and documentation for all assertions made in statements of fact filed pursuant to it. *Id.* The rigor of this rule is intended to facilitate summary judgment rulings by isolating and disposing of factually unsupported

---

**4.** Plaintiff's response to ¶ 6 of Kopsky's statement of facts is similarly inadequate and compels this court to deem this paragraph admitted as well. *See Tapy,* 896 F.2d at 1103 (equivocal response to movant's positive assertion made under oath was not adequate response under Local Rule 12).

claims and defenses. Accordingly, the non-moving party is required to support its position with evidence—as opposed to mere allegations—establishing a genuine issue for trial. Bald denials or assertions of insufficient knowledge to admit or deny, though appropriate in the initial pleading stage, are wholly inadequate responses to a Rule 12(m) statement of facts.

██ In finding that plaintiff has not properly opposed Kopsky's 12(m) statement of facts, the court is not relying merely on the technical requirements of Rule 12. The court notes that plaintiff has provided the court with no evidence whatsoever to contest Kopsky's statement, either in his response to the motion for summary judgment, or anywhere else in the record. The only document submitted by plaintiff which purports to support his position is a memorandum dated "24 March, 1988" from "Inv P. Schlesinger #89" to "Administrators, Office of Professional Standards." Exhibit B to Plaintiff's Objections. This memorandum states, in relevant part: "At approximately 1325 hours, Mr. Davis viewed photographs of the officers assigned to the 011 district at his attorneys request.... Mr. Davis also identified Officer Edward Kopsky, page 7, line 3, row 5, as the officer who had struck him with a billyclub."

This memorandum, standing alone, constitutes inadmissable hearsay which may not be considered in opposition to a motion for summary judgment. *See* Fed.R.Civ.P. 56(e) ("Supporting and opposing affidavits shall ... set forth such facts as would be admissible in evidence ..."). Notably, plaintiff has not filed any admissible evidence (such as his own affidavit) asserting facts consistent with these hearsay statements. Further, plaintiff has failed even to allege such facts in his second amended complaint. *See* Second Amended Complaint, ¶ 13 (quoted in relevant part above). Indeed, plaintiff's response to Kopsky's summary judgment motion, reflects his uncertainty regarding Kopsky's involvement in the incidents giving rise to this litigation.

Plaintiff's Response, p. 1 (plaintiff states his desire to depose Kopsky to determine "what role, *if any*, Kopsky played in the arrest and detention subject of this litigation" [emphasis added]).

In short, plaintiff believes that Kopsky might have been present at the events in question, but is not certain enough either to allege Kopsky's participation in his pleadings, or to offer a sworn statement to this effect in an affidavit.[5] Kopsky, on the other hand, has stated, under penalty of perjury, that he was not present at the incidents at issue, and has provided documentation in support of his statement. Plaintiff's failure to raise a material fact issue compels this court to grant summary judgment in favor of Kopsky.

## CONCLUSION

For the reasons discussed above, defendant Edward Kopsky's motion for summary judgment is granted.

IT IS SO ORDERED.

---

5. The court notes that in the course of discovery, plaintiff has deposed several defendant police officers, at least one of whom has identified other officers who were present at the scene of the incidents at issue. *See* Exhibit A to Motion for Leave to File Exhibit (filed August 10, 1990). However, apparently, none of these officers have identified Kopsky.