UNITED STATES of America, Plaintiff,

v.

ALL ASSETS AND EQUIPMENT OF
WEST SIDE BUILDING CORPO-
RATION, et al., Defendants,

v.

Clara PENNY and West Side Building
Corporation, Claimants.

No. 89 C 2736.

United States District Court,
N.D. Illinois, E.D.

Nov. 23, 1993.

Opinion Denying Reconsideration
Jan. 25, 1994.

As Amended Feb. 2, 1994.

Terry M. Kinney, U.S. Attorney's Office, Chicago, IL, for plaintiff.

Michael D. Monico, Barry A. Spevack, Monico, Pavich & Spevack, Chicago, IL, for defendants.

## *MEMORANDUM OPINION*

KOCORAS, District Judge:

This matter is before the Court on the government's motion for summary judgment of forfeiture pursuant to 21 U.S.C. § 881(a)(4), (6), and (7). For the reasons that follow, we grant the motion.

## BACKGROUND

This is a drug-related forfeiture action. The plaintiff is the United States Government. The government alleges that the defendant properties were acquired or improved with proceeds from illegal drug activity and/or were used to facilitate felony drug offenses. This Court (Grady, J.) found probable cause to believe that the property was subject to forfeiture and issued an order April 4, 1989 on the government's ex parte motion, allowing the government to seize the defendant property.

Clara Penny ("Penny") was the only owner to file a verified claim to the defendant property. She filed claims as an individual and as the president of West Side Building Corporation.[1] Penny's husband, Jonathan Penny, did not file a claim within the allotted time and therefore, a default judgment of forfeiture of his interests in the defendant assets was entered by this Court on August 15, 1990.

Penny stated several defenses in her answer to the verified complaint. Penny stated that two parcels of real estate and two vehicles were acquired before the effective date of the forfeiture statute; that three parcels of real estate were not purchased by Penny or West Side Building Corporation but were gifts from Penny's father; and that one vehicle was not purchased by Penny or West Side but was a gift to Penny and her husband.[2] Further, she stated that two vehicles were purchased with funds from Penny's credit union.

Penny responded to interrogatories on July 26, 1990. The government deposed Penny April 7, 1992. At the deposition, Penny asserted her Fifth Amendment privilege against self-incrimination in response to all questions relevant here. Penny states that her reason for doing so was that she was told that she was the subject of a grand jury investigation, that indictments had been returned, and that her testimony could be used against her in a criminal proceeding. Penny's Response, at 5. Penny was not, in fact, indicted, but her husband was. Jonathan Penny was convicted on September 10, 1993 in a jury trial on both counts of a two-count indictment. The indictment charged violations of 21 U.S.C. §§ 841(a)(1) and 846. Jonathan Penny was found guilty of selling, distributing, or dispensing narcotics and conspiracy to do the same.

---

1. Because Penny in this case represents both herself in her individual capacity and West Side as its president, our Opinion will bind both Penny and West Side.

2. We note that this defense, if proven, would be an effective defense to the claim that this property was acquired from the proceeds of narcotics activities, but would not be an effective defense to the section 881(a)(4) and (7) claims regarding use of the property to facilitate narcotics activities.

The government now seeks summary judgment of forfeiture of Penny's interests in the defendant assets. The government's Local Rule 12(m) Statement cites its Amended Verified Complaint and the affidavit of Lawrence Evans, which was submitted with the Amended Verified Complaint.

## LEGAL STANDARD

Summary judgment is appropriate if the pleadings, answers to interrogatories, admissions, affidavits, and other materials show that there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). Only those disputes over facts that might affect the outcome of the suit under the governing law properly prevent a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A genuine issue exists if there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Id.* at 249, 106 S.Ct. at 2511.

The party seeking summary judgment has the initial burden of showing that no such issue of material fact exists. When a properly supported motion for summary judgment has been made, the opposing party must then "set forth specific facts showing that there is a genuine issue for trial." *Cooper v. Ford Motor Co.,* 748 F.2d 677 (Fed.Cir.1984). The opposing party is entitled to the benefit of all favorable inferences that can reasonably be drawn from the underlying facts, but not every conceivable inference. *DeValk Lincoln Mercury, Inc. v. Ford Motor Co.,* 811 F.2d 326, 329 (7th Cir.1987). It is in consideration of these principles that we turn to the present motion for summary judgment.

## DISCUSSION

At the outset, we wish to acknowledge the candor displayed in Penny's brief regarding unfavorable precedent. While this integrity should not be cause for comment, unfortunately, we see far too little of it.

In support of its motion, the government states that the earlier finding of probable cause for forfeiture in this case shifts the burden of proof to Penny to prove by a preponderance of the evidence that the defendant property is not subject to forfeiture. *See United States v. Certain Real Property,* 943 F.2d 721, 725 (7th Cir.1991). The government argues that we can infer that Penny is unable to meet this burden from the fact that she invoked the Fifth Amendment during her deposition.

Penny raises several points in opposition to the government's motion for summary judgment. First, she argues that she is unable to properly respond to the motion because the relevant documents were seized by the government. Therefore, she requests a continuance pursuant to Rule 56(f). Next, she urges that the government has failed to make a showing that there are no genuine issues of material fact. Penny also seeks a grant of immunity from prosecution for criminal acts for any testimony she gives regarding the defendant properties. Finally, she argues that the forfeiture of all the defendant properties is disproportionate to any crime and therefore violates the Cruel and Unusual Punishment Clause of the Eighth Amendment.

Initially, we will consider the Rule 56(f) continuance requested by Penny. Federal Rule of Civil Procedure 56(f) authorizes the District Court to grant a continuance to allow a party against whom a summary judgment motion has been filed to take discovery to obtain information necessary to respond to the motion. To obtain such relief, the party seeking it must set forth in affidavits reasons why it cannot produce affidavits supporting its opposition of the summary judgment motion. Fed.R.Civ.P. 56(f).

■ We will not grant relief to Penny under Rule 56(f) because she has not complied with the procedure for obtaining such a continuance. Penny did not file an affidavit explaining why she cannot produce evidence to oppose the motion. Penny states a plausible reason in her memorandum: that the relevant documents are in the possession of the government, and that her counsel must search through 14 boxes of documents to find the relevant ones. However, a memorandum is not an affidavit, and Penny does not indicate why this search process was not even

begun yet. Further, we note that this same excuse was tendered last year when Penny did not appear for her scheduled deposition. At that time, we allowed time for those documents to be reviewed. We are not inclined to do so here, where Penny ignores the procedural steps for obtaining such relief.

■ Before we can reach the substantive arguments in support of and in opposition to this motion, we must consider another procedural shortcoming by the claimant. The Local Rules of the Northern District of Illinois require the party seeking summary judgment to file a statement of material facts as to which the movant contends there is no genuine issue. Local Rule 12(m). The party opposing summary judgment must respond to the facts set forth in the 12(m) Statement, admitting them or controverting them by specific references to the record. Local Rule 12(n)(1). The party opposing summary judgment must also set forth, with references to the record, any facts that are in dispute and which require the denial of summary judgment. Local Rule 12(n)(2). If the opponent fails to respond as required by Rule 12(n), the facts set forth in the movant's 12(m) Statement are deemed admitted, and summary judgment may be entered for the movant. Here, Penny has not filed a response to the 12(m) Statement; hence, she is deemed to have admitted the facts therein. Summary judgment against her on all claims would be appropriate on these grounds.[3] However, we will also briefly consider the merits of the arguments raised in her Response Memorandum. That examination will show that summary judgment is also appropriate on the merits.

■ Once the government has met its burden of showing that probable cause exists, the burden of proof shifts to the property owner to show that the property is not subject to forfeiture. *U.S. v. Certain Real Property*, 943 F.2d 721, 725 (7th Cir.1991). The standard of persuasion for the owner is a preponderance of the evidence. *Id.* Here, the Court found probable cause. *U.S. v. All Assets & Equipment of West Side Building Corp.*, No. 89C2736, Order at 1 (N.D.Ill. Apr. 4, 1989) (Grady, J.). Penny challenged that finding of probable cause through a motion to dismiss the forfeiture complaint. We denied Penny's motion and refused to disturb Judge Grady's probable cause determination. *U.S. v. All Assets & Equipment of West Side Building Corp.*, No. 89C2736, Order at 4, 1989 WL 84636 (N.D.Ill. July 14, 1989) (Kocoras, J.). Thus, the government's burden being met, we now evaluate Penny's evidence to determine if she has met her burden.

■ Penny raised three defenses in her Response Memorandum: lack of knowledge of narcotics activities, acquisition of certain properties before the enactment of the forfeiture statute, and acquisition with legitimate income. The first defense is known as the "innocent owner" defense. Section 881(a)(7) states that an owner's interest in real property will not be forfeited if that owner establishes that the illegal conduct occurred without that owner's "knowledge or consent."[4] Here, Penny did not submit an affidavit claiming that she did not know of or consent to narcotics activities on the defendant properties, nor did she point out any other evidence in the record to support an innocent owner defense. Although Penny did not direct our attention to anything in the record,

---

**3.** Such a result is far from unprecedented. The Seventh Circuit has acknowledged that "[j]udges in the Northern District of Illinois have strictly applied Local Rule 12(n) and its predecessors, 12(m) and 12(f) for a number of years". *Schulz v. Serfilco, Ltd.*, 965 F.2d 516, 519 (7th Cir.1992), citing *Zenith Controls, Inc. v. Automatic Switch Co.*, 648 F.Supp. 1497, 1502 (N.D.Ill.1986); *Home Insurance Co. v. Service America Corp.*, 662 F.Supp. 964, 966 (N.D.Ill.1987); *Davis v. Frapolly*, 756 F.Supp. 1065, 1069 (N.D.Ill.1991). Furthermore, the Seventh Circuit has repeatedly upheld lower courts' strict enforcement of Rule 12(n). *Schulz*, 965 F.2d at 519, citing *Maksym v. Loesch*, 937 F.2d 1237, 1240–41 (7th Cir.1991);

*Bell, Boyd & Lloyd v. Tapy*, 896 F.2d 1101 (7th Cir.1990).

**4.** We are aware of the ambiguity in the wording of section 881(a)(7)—that is, can an owner who has knowledge but does not consent to the use be an innocent owner? *See U.S. v. One Parcel of Land*, 965 F.2d 311, 315 (7th Cir.1992) (discussing split in circuits on interpretation of section 881(a)(7)). However, as Penny has not alleged either lack of knowledge or lack of consent, it is not necessary for us to confront the interpretation question.

we examined her Verified Claim of Ownership, which did not reveal any claim that Penny was an innocent owner. For these reasons, Penny has not met her burden on summary judgment of pointing out specific evidence raising a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *compare U.S. v. Lot 9, Block 2 of Donnybrook Place,* 919 F.2d 994 (5th Cir. 1990) (reversing grant of summary judgment because affidavit of owner raised a triable issue regarding innocent owner defense).

■ Penny's second defense, that certain properties were acquired before the effective date of the forfeiture statute, is supported by answers to interrogatories, which indicate the year properties were bought. Penny also alleges that certain properties were purchased or improved with legitimate income. However, although the date or manner of acquisition may be a defense to a charge under section 881(a)(6) that the property was acquired with proceeds of a drug offense, the date or manner of acquisition is irrelevant to a charge under section 881(a)(7) that the properties were being used to facilitate the commission of a felony drug offense. As the government here seeks forfeiture pursuant to 881(a)(7) of the real property listed below,[5] Penny's second and third defenses are unavailing.

As to the personal property sought under section 881(a)(4), we note that Penny does not introduce any evidence or point to the existence of any documents that might establish that the personal property was not used to facilitate illegal drug activities. As above, she does not provide an affidavit supporting an innocent owner defense. Accordingly, because she has not met her burden to defeat summary judgment, we grant summary judgment as to the personal property sought under section 881(a)(4) as well.

■ However, as to the property sought exclusively under 881(a)(6) as proceeds of illegal drug activities, the acquisition of the property with legitimate income is a relevant

defense, even though it is not relevant to the "facilitation" claims under sections 881(a)(4) and (7). Unlike her lack of response to the other claims, here Penny has submitted answers to interrogatories that could form a skeletal basis for a relevant defense that the properties sought were acquired with legitimate income. We use the word "skeletal" because those answers do not actually reflect the source of funds used to purchase the items. However, we will not consider those answers, because Penny refused to answer the government's deposition questions concerning the same topics. Penny claimed Fifth Amendment protection against self-incrimination when she was deposed as to her involvement in drug trafficking, the use of defendant properties to facilitate drug trafficking, and the use of illegal drug proceeds to acquire, maintain, and improve the defendant property. While a claimant is entitled to invoke the Fifth Amendment, doing so does not relieve her of her burden of proof. *U.S. v. 15824 West 143rd Street, Lockport, Illinois,* 736 F.Supp. 882, 886 (N.D.Ill.1990).

■ It is established that once a witness testifies as to certain facts, she may not invoke the Fifth Amendment to shield that testimony from scrutiny. *U.S. v. Parcels of Land,* 903 F.2d 36, 43 (1st Cir.1990). "It has long been held that a defendant who takes the stand in his own behalf cannot then claim the privilege against cross-examination on matters reasonably related to the subject matter of his direct examination." *McGautha v. California,* 402 U.S. 183, 215, 91 S.Ct. 1454, 1471, 28 L.Ed.2d 711 (1971); *see also Brown v. United States,* 356 U.S. 148, 155–56, 78 S.Ct. 622, 626–27, 2 L.Ed.2d 589 (1958). This rule is not limited to trial testimony. *Parcels of Land,* 903 F.2d at 43. This rule has properly been applied to strike affidavits submitted in response to a summary judgment motion. *See id.* Applying this rule to the instant case, we find it appropriate to strike the interrogatory answers upon which Penny relies, because she refused to answer the government's deposition

---

**5.** The government's Amended Verified Complaint seeks forfeiture of all of the defendant real property pursuant to section 881(a)(7). Amended Complaint, ¶ 14. Paragraph 12(a) specifically lists the properties at 4901 W. Congress, 1801 W. Adams, 3010 W. Fulton, and 2016 W. Warren. We note that the last property is not listed as a defendant.

questions regarding the same subjects. This leaves Penny's response to the summary judgment without any support in the record. Accordingly, we grant summary judgment with regard to the property sought to be forfeited under 881(a)(6) as well.

■ Penny also seeks a grant of immunity from prosecution for criminal acts for any testimony she gives regarding the defendant properties. She claims that she is caught in a dilemma between incriminating herself and forfeiting substantial property holdings. This Scylla and Charybdis situation has been addressed in several other cases. *See, e.g., U.S. v. Certain Real Property*, 986 F.2d 990 (6th Cir. (1993); *U.S. v. One 1985 Plymouth Colt Vista*, 644 F.Supp. 1546 (N.D.Ill.1986) and cases cited therein. In *One 1985 Plymouth Colt Vista*, Judge Shadur observed that granting immunity to a claimant in a civil forfeiture proceeding is "plainly unacceptable," because that would have the effect of allowing a claimant to convert the privilege against self-incrimination "from [a] shield . . . into a sword." 644 F.Supp. at 1553 (quoting *U.S. v. Rylander*, 460 U.S. 752, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983)).

■ Moreover, because Congress has delegated the authority to grant use immunity to the executive branch of government, *U.S. v. Taylor*, 728 F.2d 930, 934 (7th Cir.1984) (citing 18 U.S.C. § 6003), district courts are without power to direct the prosecution to grant use immunity to secure testimony that the defense deems relevant. *U.S. v. Smith*, 542 F.2d 711, 715 (7th Cir.1976). Where, as here, the United States has not exercised its discretion to grant immunity, the district court cannot order such an action at the defendant's request.

Finally, we observe that the Sixth Circuit in *Certain Real Property* affirmed the granting of summary judgment, because the claimant did not develop his "Fifth Amendment Dilemma" argument: he did not explain how the filing of affidavits would prejudice him in a parallel criminal proceeding; he did not indicate what affidavits or depositions would have disclosed; and he did not explain why he could not use the testimony of other persons to substantiate his defense. *Certain Real Property*, 986 F.2d at 996. Likewise here, Penny has not explained how defending against the forfeiture would prejudice her Fifth Amendment rights. Her assertions on pages 6 and 7 of her Response Memorandum purport to do so, but fail to present any substantive reasons. Thus, for all of the above reasons, we find that immunity is not available to Penny.

■ As an alternative to immunity, Penny asks us to craft some other method to accommodate her Fifth Amendment interests. The First Circuit in *U.S. v. $250,000 in Currency*, 808 F.2d 895 (1st Cir.1987), stated that such an undertaking is appropriate. However, as just discussed, Penny does not explain how she could provide information to defeat the forfeiture action or how doing so would impinge upon her Fifth Amendment rights. Secondly, she does not suggest what accommodation might be reasonable. This Court in *One Colt Vista* rejected a request for accommodation where the claimant did not suggest reasonable means. 644 F.Supp. at 1553. Penny did suggest sealing the records of her testimony. However, that is tantamount to granting immunity.

■ Lastly, Penny raises a defense that the forfeiture sought by the government is out of proportion to the crimes committed. Penny properly cites *Austin v. U.S.*, —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993) for the proposition that civil forfeitures are subject to Eighth Amendment limitations on excessive fines. First, we observe that *Austin* does not require a proportionality analysis for property acquired as proceeds of illegal drug transactions. If an item is a proceed of an illegal drug transaction, its forfeiture is exclusively remedial, as it cannot be considered punishment to take away something the claimant never legitimately owned. *See Caplin & Drysdale, Chtd. v. U.S.*, 491 U.S. 617, 624–28, 109 S.Ct. 2646, 2652–53, 105 L.Ed.2d 528 (1989). A proportionality analysis is not required unless the sanction at issue is at least in part punitive. *Austin*, —— U.S. at ——, 113 S.Ct. at 2806. *Austin* does apply to property used to facilitate illegal drug activities. However, if we are to perform a proportionality review, we must know the crime committed and balance that

against the nature and value of the property sought to be forfeited. As Penny has not provided information as to the former, we cannot perform the proportionality review she seeks.

The summary approval of forfeiture may seem harsh, but we find it is appropriate where, as here, the claimant has not done anything to protect her interests. As discussed above, Penny did not follow the clear rules for seeking a Rule 56(f) continuance, did not support her Response Memorandum with a Rule 12(n) Statement, and did not provide an affidavit or other evidence as required by Rule 56(e) to raise any genuine issue of fact or support her innocent ownership defense. When a party who is represented by counsel fails to take any of these steps, we are not inclined to grant the relief those avenues could have offered.

## CONCLUSION

For the reasons stated above, we grant summary judgment to the government as to property sought to be forfeited pursuant to sections 881(a)(4), (6) and (7) of Title 21. We order forfeiture of all of the defendant property seized by the government in this action.

## *MEMORANDUM OPINION ON RECONSIDERATION*

This case is before the Court on a motion to reconsider brought by new counsel for the claimants, Clara Penny and West Side Building Corporation (collectively, "Penny"). That motion seeks reconsideration of our entry of summary judgment for the United States in a civil forfeiture proceeding pursuant to 21 U.S.C. §§ 881(a)(4), (6), and (7). For the reasons that follow, we deny the motion to reconsider.

## BACKGROUND

In a Memorandum Opinion dated November 24, 1993, this Court granted the United States' motion for summary judgment, because we found that Penny had not met her burden of proving that the defendant property was not subject to forfeiture. Specifically,

we found that Penny had not adduced any evidence of record to support an "innocent owner" defense. Opinion at 381–82. As to Penny's "legitimate acquisition" defense, the only evidence of record was Penny's answers to interrogatories. However, we struck those answers, because Penny later claimed the Fifth Amendment and refused to answer deposition questions regarding the topic. Opinion at 383, *citing U.S. v. Parcels of Land,* 903 F.2d 36, 43 (1st Cir.1990). In the absence of the interrogatory answers, Penny's "legitimate income" defense was likewise unsupported for purposes of summary judgment.[1] Moreover, Penny did not submit a statement as required by Local Rule 12(n) disputing any of the facts in the Government's 12(m) Statement; thus, we correctly observed that the facts in the 12(m) Statement were deemed admitted and that summary judgment against Penny would be appropriate on that ground. Opinion at 381.

■ Nonetheless, we went on to consider the motion on the merits. The Government represented that probable cause was established and thus, the burden of proof shifted to Penny. Penny did not challenge the Government's contention that the burden of proof had shifted to her. Instead, Penny argued (1) that she was unable to defend the motion because the Government had seized certain papers; (2) that she needed more time to respond for the same reason; (3) that she could introduce evidence about the defendant properties if she were granted immunity from prosecution; (4) that the forfeiture of the properties was disproportionate to the alleged crime and therefore violative of the Eighth Amendment; and (5) that the Government did not show the absence of genuine issues of material fact.

Following entry of judgment, Penny obtained new counsel. On December 2, 1993 in open court, we granted Barry Spevack's motion for the addition of counsel and granted him leave to file a motion to reconsider. That motion argues that there has not been a finding of probable cause and thus, the burden of proof was improperly shifted to Pen-

---

1. The party resisting summary judgment cannot rely merely on the pleadings; thus, a non-moving defendant cannot rely on his answer to the complaint. Fed.R.Civ.P. 56(e).

ny. Penny does not introduce evidence to show that there is no probable cause; rather, she argues that the Government did not repeat in the 12(m) Statement all of the facts contained in the Amended Complaint. Finally, the motion seeks a hearing regarding damages purportedly due to claimants because the seizure was made without the process found to be due in *U.S. v. James Daniel Good Real Property*, —— U.S. ——, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993).

## LEGAL STANDARD

■ Motions for reconsideration are not a matter of routine practice in this jurisdiction. *Settino v. City of Chicago*, 642 F.Supp. 755, 759 (N.D.Ill.1986). They serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665 (N.D.Ill.1982), *aff'd and adopted*, 736 F.2d 388 (7th Cir.1984). Motions for reconsideration are not appropriate vehicles to again advance arguments already rejected by the court. *Fisher v. Samuels*, 691 F.Supp. 63, 74 (N.D.Ill.1988). Nor are they a means to advance new legal theories not argued prior to the ruling. *Keene*, 561 F.Supp. at 666. We turn to the present motion with these principles in mind.

## DISCUSSION

Based on the foregoing case law, it is clear that we could deny the motion to reconsider outright, as it raises a legal argument that clearly could have been raised in Penny's response to the Government's Motion for Summary Judgment. The Government's position that probable cause was established was clearly set forth in its memorandum in support of its motion, yet nowhere in Penny's response did she raise any challenge to probable cause. Nor could she have prevailed on such a challenge, as will be discussed below.

We will first review the law defining probable cause. The Seventh Circuit in *United States v. Edwards* set out the following standards.

Civil forfeiture proceedings may not be initiated on less than probable cause, but the probable cause threshold in a drug forfeiture case is the same as elsewhere— there must be a reasonable ground for belief of guilt, supported by less than prima facie proof but more than a mere suspicion.

.    .    .    .    .

A direct connection between the property subject to seizure and the illegal activity that renders items forfeitable need not be shown in order to establish probable cause. Rather, probable cause analysis looks to the totality of the circumstances surrounding the situation. *Illinois v. Gates*, 462 U.S. 213, 230 [103 S.Ct. 2317, 2328, 76 L.Ed.2d 527] (1983). Furthermore, "probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Gates*, 462 U.S. at 244 n. 13, 103 S.Ct. at 2335 n. 13.

*Edwards*, 885 F.2d 377, 389–90 (7th Cir. 1989).

Here, the evidence available to support a probable cause determination is outlined in the Amended Complaint and the 12(m) Statement. Lawrence Evans, a Task Force Agent, submitted an affidavit detailing information gathered during an investigation of the Pennys and information provided to him by confidential sources and corroborated by investigation. We will only highlight a small portion of that information here. Evans reported that a review of Penny's income tax returns showed income not exceeding $42,000 per year from employment, dividends, interest and capital gains. Yet, the Pennys deposited large amounts of money into bank accounts and stock accounts (over $300,000 during a six-month period in 1985) and led a lavish lifestyle, marked by, inter alia, expensive remodeling and furnishing of their home, acquisition and rehabbing of several other properties, and ownership of eight vehicles, several fur coats, a four-carat diamond, and other expensive jewelry. The Seventh Circuit in *Edwards* stated that,

where a defendant's verifiable income cannot possibly account for the level of wealth displayed and where there is strong evidence that the defendant is a drug trafficker, then there is probable cause to believe that the wealth is either a direct product of

the illicit activity or that it is traceable to the activity as proceeds.

*Edwards,* 885 F.2d at 390. Here, Penny's verifiable income cannot possibly account for the level of wealth displayed. There is strong evidence linking Penny and her husband to drug dealing. Jonathan Penny, the claimant's husband, was indicted as a result of the investigation described above on charges of violating 21 U.S.C. §§ 841(a)(1) and 846 and was convicted on both charges on September 10, 1993 following a jury trial. Evans' affidavit states that Clara Penny played a significant role in the drug dealing, particularly while Jonathan was incarcerated. Thus, the requirements outlined in *Edwards* are met and there is probable cause to believe that Penny's wealth and possessions are either a direct product of the illicit activity or that they are traceable to the activity as proceeds and thus, forfeitable under section 881(a)(6).

As to property used to facilitate drug trafficking, we note first that the Seventh Circuit interprets "facilitate" broadly for purposes of civil forfeiture. *See U.S. v. 1990 Toyota 4Runner,* 9 F.3d 651 (7th Cir. 1993). In *1990 Toyota 4Runner,* the Seventh Circuit affirmed an order of forfeiture pursuant to 881(a)(4) of a truck used to transport the claimant to a meeting where a drug deal was planned but not consummated. The Seventh Circuit observed,

> The obvious purpose of the statute read as a whole is to deprive drug traffickers of the principal tools of their trade, which include the drugs themselves, the equipment and raw materials used for their manufacture, the firearms used to enforce contracts in an illegal business, the premises used for making and selling drugs—and the vehicles, boats, and aircraft that the traffickers use in their business.

*1990 Toyota 4Runner,* 9 F.3d at 653.

Here, Evans' affidavit clearly indicates that several of the defendant properties had much more direct ties to drug trafficking than did the vehicle in *1990 Toyota 4Runner.* Specifically, the affidavit identifies 4901 West Congress as a location where Penny's son, Michael, was dealing drugs. Evans Aff. para. 5. The affidavit states that the Pennys stored drugs in their residence at 1801 West Adams and consummated drug deals there. Para. 19(a). Two buildings contained drug labs built by Penny: 2126 West Warren and 3010 West Fulton. Paras. 12, 14. Further, a drug deal was consummated at 3010 West Fulton. Para. 10. These activities clearly fit within the "facilitation" definition and the affidavit—uncontroverted by Penny even at this late date, four years after this case was filed—establishes that there exists "a probability or substantial chance of criminal activity" involving these properties. *See Gates,* 462 U.S. at 244 n. 13, 103 S.Ct. at 2335 n. 13. Thus, probable cause is established for the forfeiture of these real properties pursuant to section 881(a)(7).

Likewise, probable cause for the forfeiture of the 1974 Mercedes Benz pursuant to section 881(a)(4) is established by the fact that Penny's son, Michael, was arrested for transporting heroin in the car. *Cf. 1990 Toyota 4Runner,* 9 F.3d at 652–53.

The party resisting summary judgment must come forward with evidence sufficient to raise a triable issue of fact. Penny has not done that. The Government introduced a sufficient quantum of evidence to establish probable cause and thus, the burden shifted to Penny. She did nothing to discharge that burden; thus, summary judgment was entered against her. Penny had two opportunities to avoid such a result: she could have attacked the Government's probable cause evidence or she could have introduced evidence establishing innocent ownership or legitimate acquisition. She did neither, and there is nothing in her motion to reconsider that suggests that she intends to do either even if this motion were granted. Accordingly, the motion is denied.

As final judgment has been entered in this case and we are not going to disturb that judgment, we will not entertain Penny's argument that she is entitled to damages because she did not receive a pre-seizure hearing as found necessary by the Supreme Court in *U.S. v. James Daniel Good Real Property,* — U.S. —, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993). She may file suit seeking damages if she desires to pursue this

course and is satisfied that *James Daniel Good* applies retroactively.

## CONCLUSION

For the reasons stated above, the claimants' motion to reconsider our entry of summary judgment is denied.