George SCHULZ, Plaintiff–Appellant,

v.

SERFILCO, LTD., Defendant–Appellee.

No. 91–1873.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 10, 1992.

Decided June 17, 1992.

Earl D. Yaffe (argued), Yaffe, Mark, Barliant & Ganellen, Chicago, Ill., for plaintiff-appellant.

Thomas R. Palmer (argued), Palmer & Wardell, Schaumburg, Ill., for defendant-appellee.

Before KANNE, Circuit Judge, WOOD, Jr., Senior Circuit Judge, and SHARP, District Judge.*

HARLINGTON WOOD, Jr., Senior Circuit Judge.

George Schulz, the plaintiff-appellant, sued his former employer, Serfilco, Ltd., the defendant-appellee, in district court claiming he had been constructively discharged July 1989 because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.* Schulz asserted he was 66 years old at the time of discharge; that he had worked continuously for Serfilco since June 1971 except for the period September 1971 to October 1972, when he was ill because of exposure to polyvinyl chloride ("PVC") fumes, including phosgene, generated in the machine shop where he had been assigned to work; that, as a consequence of this work-related illness, he received a workers-compensation award; that Serfilco knew PVC fumes caused his illness and, subsequently, had assigned him to work only in areas of the plant where he was not exposed to PVC fumes; that in July 1989 he was ordered to work in the machine shop for the first time since 1971; that he declined because he would again be exposed to PVC fumes; and that his immediate supervisor, Michael Berg, ordered him to work either in the machine shop at his then-current wage or elsewhere in the plant at a reduced wage, or be fired. Schulz "chose" the last option and was replaced by a twenty-seven year old whose salary was fifty-two percent of Schulz's.

The suit proceeded routinely under the Federal Rules of Civil Procedure and the Local (denominated "General") Rules for the United States District Court for the Northern District of Illinois. Discovery was completed within one year, and Serfilco moved for summary judgment pursuant to Fed.R.Civ.P. 56. Local Rule 12(m) requires movants for summary judgment to "serve and file[, inter alia,] ... a supporting memorandum of law [and] a statement of the material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law...." If the moving party does not comply, the motion may be lost: "Failure to submit such a statement constitutes grounds for denial of the motion." Local Rule 12(m). Serfilco complied by filing with its motion a supporting memorandum of law and a detailed statement of uncontested facts. The statement was indeed detailed; it contained 129 enumerated, "uncontested facts" and 34 "supporting documents," including affidavits from Michael Berg and Serfilco's General Manager of Operations, Frank J. Fer-

* The Honorable Allen Sharp, Chief Judge, United States District Court for the Northern District of Indiana, sitting by designation.

**518**

raro, the two Schulz claimed had discriminated against him because of his age.

Schulz, represented by an attorney, Earl D. Yaffe, answered Serfilco's motion and filed his own "Memorandum of Plaintiff in Opposition to Defendant's Motion for Summary Judgment" and an accompanying 100–page document titled "Exhibits and Supporting Documents on Behalf of Plaintiff in Response to Defendant's Motion for Summary Judgment." In the memorandum he expressly admitted seventeen of Serfilco's 129 enumerated statements of "uncontested facts" and denied or contested, in one form or another, thirty-seven others. Unfortunately for Schulz, he did not deny or otherwise contest Serfilco's other seventy-five statements of fact, including statement No. 126, which stated age was not a factor in Serfilco's dealings with Schulz:

> 126. At no time during their dealings with Plaintiff did either Ferraro or Mike Berg consider Plaintiff's age or make any decisions based upon it. The age of any employee, including that of Plaintiff, is—and was—of no significance to either Ferraro or Mike Berg. (Ferraro Aff., par. 25; M. Berg Aff., par. 8).

By not denying the "fact" asserted in Serfilco's statement No. 126, Schulz ran afoul of Local Rule 12(n), which places essentially the same requirements—and consequences for failure to comply—on a party opposing a motion for summary judgment as Local Rule 12(m) does on the moving party. The district court applied the rule strictly and deemed Schulz to have admitted that age was not a factor in his alleged constructive discharge. But age must be a factor under the ADEA:

> It shall be unlawful for an employer—
>
> > (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. . . .

29 U.S.C. § 623(a)(1). *See, for example, Skagen v. Sears Roebuck & Co.*, 910 F.2d 1498, 1500 (7th Cir.1990), and *Visser v.*

*Packer Engineering Associates, Inc.*, 924 F.2d 655, 657 (7th Cir.1991) (en banc). Consequently, the court granted Serfilco's motion for summary judgment.

■ Schulz appeals. He does not challenge the rule itself; he does not argue that the rule cannot be strictly applied; nor does he argue that the fact stated was an ultimate issue of fact, beyond the reach of Local Rule 12(n). Rather, he argues that throughout his memorandum in opposition to the motion for summary judgment he alleged age was a factor, that we should find he constructively denied the "fact" in Serfilco's statement No. 126, and that summary judgment should not have been granted because there are contested issues of fact. Because the District Court for the Northern District of Illinois has regularly applied Local Rule 12(n) and its predecessors as the court did here and because we have previously upheld strict application of that rule, we affirm.

Local Rule 12(n), like Local Rule 12(m), clearly enunciates both what a party, in this instance the opponent to a motion for summary judgment, must do and the consequences for failing so to do.

> Each party opposing a Rule 56 motion shall serve and file, [inter alia,] . . . a concise response to the movant's statement. That response shall contain (1) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon. . . . All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.

Schulz's response hardly resembles that contemplated by Local Rule 12(n) and in no way complies with its requirements. In denying statements of fact No. 18–34, 37, 40–45, 73–75, 77–79, 81–82, and 85–89 he did not respond to "each enumerated paragraph" and cited neither the record nor any affidavit. Instead, he cited only Serfilco's letter of October 3, 1989, to attorney Yaffe

offering Schulz reinstatement at full pay with accumulated benefits, a guarantee of no assignment to the machine shop, and a promise not to retaliate for Schulz's having filed a claim with the EEOC.

More importantly and, as it turned out, fatally, Schulz did not specifically respond to enumerated statements No. 35–36, 38–39, 46–72, 76, 80, 83–84, and 90–129. Because of that omission, the court, pursuant to the "deemer" sentence in Local Rule 12(n), deemed those facts as admitted by plaintiff Schulz. Thus, through the operation of what he terms a pure technicality, Schulz was deemed to have admitted that, as Serfilco had stated in statement No. 126, age was not a factor in the constructive discharge he alleged.

The district court's limited, although severe action here was not unprecedented. Judges in the Northern District of Illinois have strictly applied Local Rule 12(n) and its predecessors, 12(m) and 12(f), for a number of years. *See, for example, Zenith Controls, Inc. v. Automatic Switch Co.*, 648 F.Supp. 1497, 1502 (N.D.Ill.1986); *Home Insurance Co. v. Service America Corp.*, 662 F.Supp. 964, 966 (N.D.Ill.1987); and *Davis v. Frapolly*, 756 F.Supp. 1065, 1069 (N.D.Ill.1991), which was decided thirty days before Schulz filed his response.

We have repeatedly upheld the strict application of Local Rule 12(n) and its predecessors. *Maksym v. Loesch*, 937 F.2d 1237, 1240–41 (7th Cir.1991); *Bell, Boyd & Lloyd v. Tapy*, 896 F.2d 1101 (7th Cir. 1990). *See also Skagen v. Sears Roebuck & Co.*, 910 F.2d 1498 (7th Cir.1990). In *Appley v. West*, 929 F.2d 1176, 1180 (7th Cir.1991), we stated that if the party opposing the motion for summary judgment disputed a movant's statement, Local Rule 12(n) required that opponent to identify and document the dispute in his or her response to the motion. The opponent in *Appley* had not; thus, we held, "The district court properly granted [the] motion for summary judgment." *Id.*

Schulz argues "that it would [not] be particularly helpful to an understanding of the issues for Schulz to have countered that 'my age and rate of pay was so the

motivation for the decision to put me in the machine shop.'" That may be so, but the rule requires otherwise: it requires both denial and support for that denial. Furthermore, whether to enforce Local Rule 12(n) strictly or somewhat leniently seems to be within the discretion of the district judge. *Bell, Boyd & Lloyd*, 896 F.2d at 1103. Accordingly, we find the court did not abuse its discretion in strictly enforcing Local Rule 12(n).

Schulz further argues that "a so-called Statement of Uncontested Facts should be limited to facts that are truly uncontested." That, too, may be. Schulz, however, has cited no authority for that proposition, and, accordingly, the point is forfeited. Fed. R.App.P. 28(a)(4); *Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir.1990). Anyway, Local Rule 12(n) provides the opportunity for an opponent to contest "uncontested facts."

Because the district court did not improperly deem Schulz to have admitted age was not a factor and because, under the ADEA, discharge must be "because of the individual's age," we need not address Schulz's other arguments that issues of uncontested fact exist. An essential element of his claim is missing; without it the claim can proceed no farther.

Age-discrimination plaintiffs, unlike those who seek the protection of other employment discrimination statutes, occupy a favored position under the law: they "enjoy the right 'to a trial by jury of any issue of fact' pertinent to the statutory violation they allege." *Visser*, 924 F.2d at 660 (Flaum, J., dissenting; citing 29 U.S.C. § 626(c)(2)). Consequently, "[c]aution is required in granting summary judgment...." *Id.* at 660 (opinion by Posner, J.). Thus, it may appear that, because of a mere technicality, "we have denied the plaintiff in this case a basic right of all mankind: the right to rise at least to the height of failing." *Visser*, 924 F.2d at 664 (Bauer, C.J., dissenting). Plaintiff's trial attorney, who also represented Schulz in this appeal, admitted at oral argument that, unfortunately, he was not "aware of" Local Rule 12(n) at the time he filed

Schulz's response. Still, all need not have been irretrievably lost. Schulz, through his attorney, might have asked the district court for leave to amend or, perhaps, supplement his response; a motion could have been brought under Fed.R.Civ.P. 59(e) to alter the court's order granting summary judgment, as was done in *Beraha v. Baxter Health Care Corp.*, No. 88 C 9898, 1990 WL 114197 (N.D.Ill. Aug. 1, 1990), *affirmed in part, vacated in part, and remanded*, 956 F.2d 1436 (7th Cir.1992). We have not been advised that any such resuscitation was attempted; certainly, no such relief was granted.

The order of the district court is AFFIRMED.