**Clarence GRIFFIN, Plaintiff,**

v.

**TRITON COLLEGE, Defendant.**

**No. 91 C 6916.**

United States District Court,
N.D. Illinois, E.D.

June 4, 1993.

Jimmy Jones, Chicago, IL, for plaintiff.

Gregory Rogus, Robert Wilens, Segal, McCambridge, Singer & Montgomery, Chicago, IL, for defendant.

---

## MEMORANDUM ORDER

BOBRICK, United States Magistrate Judge.

Before the court is the motion of Triton College for summary judgment on the complaint of plaintiff Clarence Griffin.

This case arises out of plaintiff's resignation as head basketball coach and physical education teacher at Triton College. Plaintiff filed a six-count complaint against Triton College and certain individuals who have since been dismissed as defendants. The claims that remain against Triton College are: a claim under 42 U.S.C. § 1983 that Triton College denied plaintiff his Fourteenth Amendment right of due process; and claims under state law for breach of contractual confidentiality, defamation, interference with contractual relations, and breach of contract arising out of plaintiff's allegedly forced resignation. Triton College has moved for summary judgment on the complaint, arguing that none of the actions of which plaintiff complains are attributable to Triton College, especially those relevant to the § 1983 claim and, once that claim is eliminated, there is no federal jurisdiction over the remaining state law claims.

### I. BACKGROUND

#### A. Facts

 We draw the factual summary of this dispute from the parties' Local Rule 12 submissions. In so doing, we note that plaintiff has not disputed any of the facts that Triton College has submitted as Local Rule 12(N) requires, but has merely submitted his own statement of facts. While this may qualify as a statement "of any additional facts which require denial of summary judgment under Local Rule 12(N), plaintiff's failure to dispute Triton College's statement of facts constitutes an admission to that version of the facts. *Schulz v. Serfilco, Ltd.,* 965 F.2d 516, 519 (7th Cir.1992). Accordingly, Triton College's Local Rule 12(M) statement provides the source of our factual summary, supplemented where necessary by plaintiff's additional facts.

On July 17, 1990, plaintiff met with Judith Schueler, Vice President of Student Affairs at Triton College, for twenty minutes regarding allegations that plaintiff had misappropriated funds from a student's Pell Grant check, and to question a reimbursement request plaintiff had filed. (Defendant's Statement of Material Facts ("Def.St."), ¶ 2). Schueler told plaintiff, at the end of their meeting, that she had turned the matter over to the authorities and that it was out of her hands. (*Id.,* ¶ 3). Thereafter, the Triton College police department notified plaintiff that he was to appear before Joseph Chambers, the interim Director of Human Resources at Triton College. (*Id.,* ¶ 3; Plaintiff's Statement of Material Facts ("Pl.St."), ¶ 2).

On July 20, 1990, plaintiff met with Chambers and teachers' union representative, James O'Malley, regarding the charges Schueler had previously discussed with him. (Def.St., ¶¶ 5–6). The three met once more, on July 23, 1990, at which time Chambers told plaintiff that the board of trustees of Triton College would meet regarding the charges. (Def.St., ¶ 7). Because of plaintiff's good record at the college, the board met in a special closed session and allowed plaintiff to address the allegations against him. (*Id.,* ¶ 8).

The Triton College board of trustees met in closed session on July 24, 1990, at the Triton Administration Building. (*Id.,* ¶ 10). In addition to various board members, Chambers, O'Malley, two Triton College attorneys, and plaintiff were present. (*Id.,* ¶ 11). Plaintiff had an opportunity to explain his position regarding the charges, which he later recounted at deposition as follows:

A. The male lawyer asked me a question as to the check, and I said, "Yes, it was deposited in my account with the kid's permission in front of witnesses to use the check to pay his rent because he was having problems with dealing with his own affairs in that regard and he told me to do so and that's why I did it." The other question I can't remember.

Q. How about the question that the female lawyer asked you?

A. The question with the tuition reimbursement, I explained to her that it was for $90, and the receipt that I got was for $190 which was in turn filed all at one time to cover all the expenses that I had incurred for the course, the ex-

penses that I incurred. I told her I even had receipts for that.

(Def.St., Griffin Dep., p. 56–57). Following plaintiff's explanation, the board asked plaintiff to wait outside the meeting room with O'Malley. (Def.St., ¶ 14). At that time, one of the attorneys spoke to O'Malley, and O'Malley told plaintiff that plaintiff had to decide whether to resign and avoid facing formal charges before the board convened in open session fifteen minutes later. (Def.St., ¶¶ 15–16; Griffin Dep. p. 60–61). Given that choice and time frame, plaintiff decided not to face formal proceedings and signed a letter of resignation the board's secretary had prepared. (Pl.St., ¶¶ 13–16).

### B. *Parties' Position*

Based on these facts, Triton College argues that it cannot be held liable under § 1983. Essentially, Triton College submits that plaintiff seeks to hold it liable on a respondent superior theory—a theory that is unavailable under § 1983. Triton College argues that plaintiff has failed to make the required showing that his injury was the result of a custom or policy on the part of Triton College. Plaintiff fails to address this argument, focusing instead on the issue of whether he was coerced into resigning. (Memorandum of Law in Opposition, pp. 9–11). We consider these positions, along with the record, in the context of the standards applicable to summary judgment.

## II. *ANALYSIS*

### A. *Summary Judgment*

In order for a party to prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed.R.Civ.P. 56(c). In the context of a summary judgment proceeding, the court does not weigh evidence or determine the truth of asserted matters, but simply determines whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). When a defendant moves for summary judgment, it must demonstrate, based on the record, that there is an absence of evidence to support the plaintiff's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2533, 91 L.Ed.2d 265 (1986). Similarly, a plaintiff cannot rest on mere allegations of a claim, especially with respect to an issue on which it bears the burden of proof, but must affirmatively demonstrate through a specific, factual showing that there is a genuine issue for trial. *Celotex,* 477 U.S. at 322–324, 106 S.Ct. at 2552–2553. Summary judgment is appropriate when the evidence supporting the non-movant is merely colorable or is not significantly probative. *Bank Leumi, Le-Israel, B.M. v. Lee,* 928 F.2d 232, 236 (7th Cir.1991). In this case, we must agree with Triton College that plaintiff has failed to make the evidentiary showing necessary to hold it liable under § 1983.

### B. *Liability Under § 1983*

■ Triton College is a public institution, operating under the laws of the state of Illinois. (Complaint, ¶ 4; Answer, ¶ 4). When it decides to impose a serious sanction on a tenured employee, it is required to comply with the due process clause of the Fourteenth Amendment. *National Collegiate Athletic Ass'n v. Tarkanian,* 488 U.S. 179, 192, 109 S.Ct. 454, 462, 102 L.Ed.2d 469 (1988). Triton College's status also invokes the Supreme Court's holding in *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and its progeny. *Leahy v. Bd. of Tr. of Com. College Dist. No. 508,* 912 F.2d 917, 922 (7th Cir.1990). Under those holdings, in order to bring a § 1983 claim against an entity such as Triton College, a plaintiff must show that the entity deprived him of a constitutionally protected right pursuant to a policy or custom. *Monell,* 436 U.S. at 694, 98 S.Ct. at 2037. Such a policy or custom may be shown through " 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' " or a custom " 'even though such a custom has not received formal approval through the body's official decision making channels.' " *City of St. Louis v. Praprotnik,* 485 U.S. 112, 121, 108 S.Ct. 915, 923, 99 L.Ed.2d 107 (1988) (*quoting Monell,* 436 U.S. at 690–91, 98 S.Ct. at 2036). In this case, plaintiff has not presented any evidence

of a policy, or even an informal custom, on the part of Triton College, that led to the deprivation of plaintiff's Fourteenth Amendment right to due process. Indeed, plaintiff has not even alleged that Triton College had such a policy or custom. All we have in this case is a single, isolated act which plaintiff characterizes as a deprivation of his constitutional rights.

When a plaintiff seeks to hold an entity liable for an isolated act allegedly depriving him of a constitutional right, the plaintiff must show that the act was the decision of the highest officials responsible for setting policy in that area of the entity's business. *Praprotnik*, 485 U.S. at 123, 108 S.Ct. at 915. In this case, it would appear beyond dispute that Triton College's board of trustees constitute those responsible for setting policy. Accordingly, to advance his claim for deprivation of his Fourteenth Amendment right of due process, plaintiff must show that it was the board's decision to coerce his resignation. In the context of this summary judgment proceeding, plaintiff must make a specific, factual showing that the board so decided, and must do so with evidence that is more than merely colorable. *Celotex*, 477 U.S. at 322–24, 106 S.Ct. at 2552–53; *Bank Leumi*, 928 F.2d at 236. Review of the record in this case demonstrates that plaintiff has not met this burden.

None of the individuals to which plaintiff is able to assign blame in this case were members of the board. Triton College's vice president of student affairs first confronted plaintiff with the charges at issue here. From there, the college's director of human resources stepped in. Plaintiff's union representative was the last individual in this chain of events. It is undisputed that none of these three qualify as policymakers under *Monell* and *Praprotnik*. The only connection plaintiff can make between these individuals and the board is the fact that a Triton College attorney who had been present at the board meeting said something to O'Malley—plaintiff's union representative—just before O'Malley presented plaintiff with his options. (Def.St., Griffin Dep., pp. 60–61). The attorney spoke only briefly to O'Malley and plaintiff did not hear what was said. (*Id.*). The board's only involvement, based on the record, was the fact that it held a closed meeting to allow plaintiff to explain his position on the charges at issue. There is no evidence that the board resolved to coerce the plaintiff into resigning, or even that it decided that it would terminate plaintiff, if he didn't resign, at its regular session. In short, there is no evidence that plaintiff's resignation was the result of any action or decision on the part of Triton College's policymakers. Consequently, plaintiff has failed to make a case for Triton College's liability under § 1983 in the context of summary judgment.

## III. *CONCLUSION*

In summary, plaintiff has failed to demonstrate that the alleged deprivation of his constitutional rights was the result of either a policy or custom of Triton College or a decision of the board of trustees. Consequently, Triton College is entitled to summary judgment on Count I of plaintiff's complaint, under which plaintiff brings his § 1983 claim. Disposal of this count leaves only state law claims pending against Triton College, which plaintiff brings under Counts II through IV and Count VI (Count V, also a § 1983 claim, had been dismissed earlier). We decline to exercise supplemental jurisdiction over these state claims, and dismiss them under 28 U.S.C. § 1367(c). *Wentzka v. Gellman*, 991 F.2d 423, 425 (7th Cir.1993).

For the foregoing reasons, defendant's motion for summary judgment is GRANTED as to Count I of plaintiff's complaint, and Counts II, III, IV, and VI of the complaint are hereby DISMISSED.