23 F.3d 410
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Sandra J. STUART, Plaintiff-Appellant
v.
STAGEBILL GROUP, a/k/a, Arts Press, Division of B & B
Enterprises, Inc., Defendant-Appellee.
 No. 93-1024.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 5, 1994.*
April 6, 1994.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Sandra Stuart filed pro se an action against the Stagebill Group under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Secs. 621, et seq., claiming that the Stagebill Group failed to hire her because of her age. After months of discovery, Stagebill Group moved for summary judgment, filing a memorandum in support of the motion and a statement of undisputed facts. After deeming admitted all the facts as asserted by Stagebill Group, the district court granted the summary judgment motion. We affirm.
 
 
 2
 Summary judgment is appropriate when the pleadings, admissions, and affidavits show that there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). We review the grant or denial of a summary judgment motion de novo. Schulz v. Serfilco, Ltd., 965 F.2d 516, 518-19 (7th Cir.1992). Local Rule 12(m) of the Northern District of Illinois requires a movant for summary judgment to file a "statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." The corresponding requirement to oppose summary judgment is "a response to each numbered paragraph in the moving party's statement." N.D.Ill.R. 12(n). The consequence of failing to file such a response is that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted." Id.
 
 
 3
 In its Rule 12(m) statement, Stagebill Group offered as an undisputed fact that Stuart's age played no part in its decision not to hire her. The affidavit of William Kofl, the General Manager who made the final hiring decision stated, "I can assert that in no way did the ages of any of the candidates play a role in the selection decision for the typesetter position filled by Janet Stamos." The affidavit of Laurie Pokorny, the Office Manager who evaluated the job applicants and made hiring recommendations, stated "[m]y recommendation to hire Stamos had nothing whatsoever to do with the age of any of the applicants."
 
 
 4
 Stuart responded to the summary judgment motion, but failed to file a Rule 12(n) statement disputing Stagebill Group's version of the facts. Consequently, the district court deemed admitted that age was of no consideration in the decision not to hire Stuart. The district court then concluded that Stuart's claim could not survive the strict application of Local Rule 12(n) because an essential element of an ADEA claim is that the adverse employment decision was made on the basis of the claimant's age, 29 U.S.C. Sec. 623(a)(1). Schulz, 965 F.2d at 518-19; Skagen v. Sears Roebuck & Co., 910 F.2d 1498, 1500 (7th Cir.1990). Although this result is severe, we have explicitly upheld the grant of summary judgment in analogous circumstances. Schulz, 965 F.2d at 518-19 (summary judgment upheld where the plaintiff failed to deny the "fact" asserted by the defendant that age was not considered in reaching the decision to discharge); Skagen, 910 F.2d at 1501 (summary judgment upheld where the plaintiff conceded that his age was not relied on by the defendant). Accordingly, we agree that there are no genuine issues for trial and conclude that the district court properly granted summary judgment for Stagebill Group.
 
 
 5
 Stuart asserts that due to photocopier error she omitted the portion of her response that complied with Local Rule 12(n).[1] Without questioning the veracity of her assertion or determining whether it constitutes excusable neglect, we conclude that she has made it too late. Stuart was made aware of her failure to file a Rule 12(n) response when Stagebill Group filed a reply to her motion opposing summary judgment. Upon learning of her mistake, Stuart "might have asked the district court for leave to amend, or perhaps supplement [her] response; a motion could have been brought under Fed.R.Civ.P. 59(e) to alter the court's order granting summary judgment." Schulz, 965 F.2d at 520 (summary judgment granted despite the attorney's claim that he was unfamiliar with Local Rule 12(n)). Although she does not have the benefit of counsel, Stuart has demonstrated her knowledge of civil procedure throughout the district court proceedings and there is no reason to believe that she was unaware of these avenues of relief.[2]
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Stuart does not claim she was unaware of the requirements of Local Rule 12(n) or the consequences of failing to comply with it. Thus, we need not consider the effect, if any, her pro se status has on our conclusion in this case. Cf. Timms v. Franks, 953 F.2d 281, 283-85 (7th Cir.), cert. denied, 112 S.Ct. 2307 (1992); Lewis v. Faulkner, 689 F.2d 100, 102-03 (7th Cir.1982)
 
 
 [2]
 Because we hold that summary judgment was proper on the ground that Stuart failed to comply with Rule 12(n), we need not address any issues concerning the manner in which the district court disposed of discovery motions