**ROSEMARY B. on her own behalf and on behalf of MICHAEL B., a minor, Plaintiff–Appellant,**

v.

**BOARD OF EDUCATION OF COMMUNITY HIGH SCHOOL DISTRICT NO. 155, Defendant–Appellee.**

No. 94–3406.

United States Court of Appeals, Seventh Circuit.

Argued March 27, 1995.

Decided April 7, 1995.

---

Michael D. Gerstein, Chicago, IL (argued), Katherine M. Black, Carbondale, IL, Margie Best, Chicago, IL, for plaintiff-appellant.

Wayne F. Plaza, Karen Wilson Howard (argued), Rooks, Pitts & Poust, Chicago, IL, for defendant-appellee.

Before CUMMINGS and FLAUM, Circuit Judges, and WALTER,* District Judge.

\* The Honorable Donald E. Walter of the United States District Court for the Western District of Louisiana is sitting by designation.

FLAUM, Circuit Judge.

Plaintiff Rosemary B. sought special education services for her son Michael from Defendant Board of Education of Community High School District No. 155 (the "Board") under the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* Following several requests for hearings and a successful settlement, in which the plaintiff and the Board agreed to an Individualized Education Plan ("IEP"), the plaintiff filed a complaint in federal court for attorney's fees. The Board moved for summary judgment on the grounds that the plaintiff had failed to file the complaint within the statute of limitations. After striking the plaintiff's response to the Board's motion, the district court granted the Board summary judgment. We now affirm.

■ The present dispute began on January 13, 1993, when the plaintiff, dissatisfied with the educational services being provided to her son, had her attorney, Margie Best, send the Board a request for a Level I hearing.[1] Best withdrew the application on April 25, 1993, but reinstated it three days later. After negotiations, the parties reached an agreement on June 3, 1993, and Best again withdrew the request on June 6, 1993. On September 2, 1993, the parties signed an IEP stipulating the services that the School District would provide to Michael.

The plaintiff filed an independent suit under 20 U.S.C. § 1415(e)(2) against the Board on March 25, 1994, seeking recovery pursuant to 20 U.S.C. § 1415(e)(4)(B) for attorney's fees arising out of services rendered by Best in obtaining an IEP for Michael. The Board responded with a motion for summary judgment and statement of undisputed facts, contending that either a 90 or 120–day time limitation applied to the case and thereby barred the plaintiff's action. On June 30, 1994, the plaintiff filed her response to the motion for summary judgment, including a response to the statement of undisputed facts and a statement of additional facts.

On August 26, 1994, at a hearing attended only by the Board's attorney, the district court struck the plaintiff's response to the Board's summary judgment motion on the grounds that the response failed to comply with Local Rule 12(n) (N.D.Ill.). Rule 12(n) requires that such responses include, in the case of any disagreement over facts or in the submission of any additional material facts, "specific references to the affidavits, parts of the record, and other supporting materials relied upon." The district court agreed with the Board that the plaintiff's response did not contain specific reference to supporting material and that the supporting material itself was insufficient. Left with no response to the Board's motion, the district court granted the Board summary judgment.

In the time between the district court's decision and the instant appeal, this Court held that the limitation period for an attorney's fees case brought in Illinois under the IDEA is the 120–day period found in the Illinois School Code, 105 ILCS 5/14–8.02(k) (1992). *Dell v. Bd. of Educ. Tp. High School Dist. No. 113,* 32 F.3d 1053, 1062–64 (7th Cir.1994). Any colorable claim the plaintiff might have to attorney's fees therefore depends on her asserting that time did not begin to run against her action until November 25, 1993, 120 days before the plaintiff filed her attorney's fees complaint. The only evidence of any conceivably relevant event that occurred after November 25, 1993, was contained in the plaintiff's stricken response. In that response, the plaintiff presented evidence that Best had requested a Level I hearing on November 14, 1993, and had then withdrew that request on December 2, 1993, following the satisfactory resolution of a dispute between the School District and Rosemary B. over Michael's participation in the school hockey team. The plaintiff's case thus hinges on her objections to the district court's Rule 12(n) decision.

■ A district court has the power to strike a response to a motion for summary

---

1. A Level I hearing is a hearing conducted by a local administrative officer in response to a complaint about services being provided to a particular child. A party may appeal the results of a Level I hearing to a Level II hearing before

another administrative officer appointed by the state department of education. *Dell v. Bd. of Educ., Tp. High School Dist. 113,* 32 F.3d 1053, 1055 (7th Cir.1994).

judgment when the non-moving party fails to comply with local rules regarding that response. *Bell, Boyd & Lloyd v. Tapy,* 896 F.2d 1101, 1103 (7th Cir.1990); *see also Schulz v. Serfilco, Ltd.,* 965 F.2d 516, 518–19 (7th Cir.1992); *Skagen v. Sears, Roebuck & Co.,* 910 F.2d 1498, 1500 (7th Cir.1990). When a district court exercises that power, we review its decision only for abuse of discretion. *Schulz,* 965 F.2d at 519; *Tapy,* 896 F.2d at 1103. Without question, the plaintiff's response failed to comply with Local Rule 12(n)'s requirement that a response to a motion for summary judgment reference specific supporting affidavits or other evidence in support of its arguments. Of the supporting materials the plaintiff provided, her affidavit is conclusory and not based on personal knowledge, and her attached exhibits are unauthenticated. Plaintiff's response to the Board's statement of undisputed facts contains no reference to anything, and her statement of additional facts contains only one general reference to her own affidavit. The plaintiff's numbered response to the Board's motion for summary judgment does occasionally rely on supporting material, but such reliance is on unauthenticated documents that only vaguely support her claim. The district court did not abuse its discretion by striking this response.

Without her response to the Board's motion for summary judgment, the plaintiff clearly loses. When a party obtains relief in Illinois under the IDEA following a hearing, "the time to sue does not begin to run until the 120 days that the school district has to challenge the Level II decision has elapsed without the district's having sued; or if it does sue, until 120 days after the judicial decision upholding the Level II decision has become final." *McCartney C. v. Herrin Com. Unit School Dist. No. 4,* 21 F.3d 173, 175 (7th Cir.1994). Where, as in the instant case, no hearing occurred, the clock begins to tick once a party has a factual basis to believe she has achieved the relief she requested through some kind of settlement. *Cf. Reed v. Mokena School Dist. No. 159,* No. 94 C 476, 1994 WL 163989 (N.D.Ill. April 28, 1994) (unpublished opinion), *aff'd,* 41 F.3d 1153 (7th Cir.1994). Assuming that the plaintiff here was a prevailing party for the purposes of § 1415(e)(4)(B), the only question before us would be what date to characterize as the one on which the plaintiff prevailed: June 3, 1993, when the parties reached their agreement for Michael's IEP; June 6, 1993, when the plaintiff withdrew her hearing request for a Level I hearing in response to that agreement; or September 3, 1993, the date the parties signed the IEP. Because all three dates fell over 200 days before the plaintiff filed her attorney's fees claim, the plaintiff's claim collapses no matter what event triggered the running of the statute of limitations.

For the foregoing reasons, we affirm the decision of the district court.

AFFIRMED.