Robert BOMBOIR, Plaintiff,

v.

NATIONAL RAILROAD PASSENGER CORPORATION, a corporation, d/b/a Amtrak, Defendant.

No. 94 C 3600.

United States District Court, N.D. Illinois, Eastern Division.

Oct. 23, 1995.

---

Francis W. Petro, Francis Daniel Petro, Petro & Petro, Chicago, IL, for plaintiff.

---

Alan Warren Brothers, Lori A. Watkins Owens, Carney & Brothers, Ltd., Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiff, Robert Bomboir, was injured while working as a trackman for the defendant, National Railroad Passenger Corporation. He was standing in the "hole" (the track area between the two platforms) when a speed swing crane operated by a coworker hit a rail, causing it to flip over and land on Mr. Bomboir's foot. Mr. Bomboir subsequently sued the Railroad under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*, alleging that his injury was caused by the negligence of the Railroad. With this motion, Mr. Bomboir seeks a judgment as a matter of law that the Railroad was negligent and is therefore liable under FELA.

■ The court may award summary judgment to the moving party only when there is no genuine issue of material fact and that party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). A genuine issue of fact exists when a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Summary judgment in a negligence case is especially difficult to obtain, as "the jury's unique competence in applying the 'reasonable man' standard is thought ordinarily to preclude summary judgment in negligence cases." *TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 450 n. 12, 96 S.Ct. 2126, 2133 n. 12, 48 L.Ed.2d 757 (1976).

■ Plaintiff argues, however, that the quantum of negligence evidence required to establish FELA liability is so minimal that the undisputed facts regarding the accident allow this court to find as a matter of law that the Railroad is liable. Although the FELA is a broad remedial statute that is to be construed liberally in order to effectuate its purpose, the FELA is not a strict liability statute. *Fulk v. Illinois Cent. R.R. Co.*, 22 F.3d 120, 124 (7th Cir.) (citations omitted), *cert. denied,* —— U.S. ——, 115 S.Ct. 193, 130

L.Ed.2d 125 (1994). Plaintiff must still prove the traditional negligence elements, including the fact that the defendant's negligence caused his injury. *Id.; see also Walden v. Illinois Cent. Gulf RR.*, 975 F.2d 361, 364 (7th Cir.1992) ("The FELA is not a workmen's compensation act; causation must still be proved.").

■ In response to plaintiff's summary judgment motion, defendant submitted its Rule 12(N)(3) statement adding several additional facts, including the fact that the plaintiff's foreman had instructed him to stay out of the "hole" until the crane was clear. This fact is properly supported by the foreman's affidavit and the deposition testimony of two other members of Mr. Bomboir's crew. Local Rule 12 instructs that those "material facts set forth in the statement filed pursuant to section N(3)(b) will be deemed admitted unless controverted by the statement of the moving party." LOCAL RULE 12(M). The Seventh Circuit has repeatedly approved the district court's strict enforcement of Local Rule 12. *See, e.g., Schulz v. Serfilco, Ltd.*, 965 F.2d 516, 519 (7th Cir.1992); *Valenti v. Qualex, Inc.*, 970 F.2d 363, 368–69 (7th Cir. 1992). Mr. Bomboir has not responded to defendant's 12(N) statement, and has therefore admitted that he ignored his foreman's directive not to be in the "hole." A jury could reasonably find that Mr. Bomboir's failure to follow his foreman's instructions constituted negligence.

Mr. Bomboir argues that any negligence on his part should not stop this court from finding the Railroad to be negligent as a matter of law. He notes correctly that FELA is a comparative negligence statute. That is, even if Mr. Bomboir were contributorily negligent, he would not be precluded from all recovery. Instead, his "damages shall be diminished by the jury in proportion to the amount of negligence attributable to [him]." 45 U.S.C. § 53.

Mr. Bomboir, however, must still prove that the Railroad's negligence caused his injury, at least in part. If Mr. Bomboir's negligence alone caused his injury, then the Railroad's negligence did not. If the Railroad's negligence did not cause Mr. Bomboir's injury, then the Railroad is not liable

under FELA. Whether Mr. Bomboir's injury was caused entirely by his own negligence, entirely by the Railroad's negligence, or by some combination of the two, is a question for the jury. *Walden, supra,* 975 F.2d at 364–65. Whose negligence caused what portion of Mr. Bomboir's injury is a genuine issue of fact precluding the grant of summary judgment.