David SERVIN, Plaintiff,

v.

GATX LOGISTICS, INC., Defendant.

Nos. 97 C 8074, 98 C 3357.

United States District Court,
N.D. Illinois,
Eastern Division.

July 29, 1999.

Donna Ann Hickstein-Foley, Michael Foley, Foley and Foley, Chicago, IL, for plaintiff.

John Kenneth Kallman, Law Offices of John Kenneth Kallman, Chicago, IL, Marvin L. Lindmark, III, Bobroff Hesse Lindmark & Martone, Andrew J. Martone, Lowenbaum Bobroff Hesse Lindmark & Martone, St. Louis, MO, for defendant.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff David Servin has filed a complaint against Defendant GATX Logistics, Inc., alleging discrimination on the basis of race/national origin (Hispanic) and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. Defendant has moved for summary judgment, arguing that plaintiff has not demonstrated a prima facie case and that defendant had legitimate race-neutral reasons for disciplining plaintiff. Plaintiff has filed a motion to strike defendant's purported Local Rule 12(M) [1] statement of undisputed material facts ("12(M) statement"), and defendant has filed a motion to strike plaintiff's affidavit, submitted in support of plaintiff's Local Rule 12(N) statement.

■ Local Rule 12(M)(3) requires the movant to submit, along with a motion for summary judgment, "a statement of material facts as to which the moving party contends there is no genuine issue." The rule goes on to explain:

> The statement referred to in (3) shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion.

The purpose of a 12(M) statement is to enable "the non-movant to identify on a paragraph-by-paragraph basis just which facts are and which are not in dispute ..., thus facilitating the court's ability to smoke out both the existence or nonexistence of genuine issues of fact and their materiality (that is, whether or not any factual differences are outcome-determinative)." *Prudential Ins. Co. of America v. Tomaszek,* 1992 WL 26734, at *2 (N.D.Ill. Feb. 7, 1992).

■ Defendant's purported 12(M) statement makes a mockery of the local rule. The statement consists of six numbered paragraphs and is replete with legal argument. As Judge Coar has eloquently explained, "Opinion, suggested inferences, legal arguments and conclusions are not the proper subject matter of a 12(M) statement. Including legal arguments in a 12(M) statement is wholly improper, redundant, unpersuasive and irksome; in short, it advances neither the interests of the parties nor of this court." *Guzzo v. Northeast Illinois Regional R.R. Corp.,* 1996 WL 131730, at *1 (N.D.Ill. Mar.15, 1996). Although defendant makes a few factual statements, defendant frequently trounces the requirement that it support such statements with "specific references" to the record by citing exhibits that are hundreds of pages long without reference to which pages support the facts suggested in the (meager) statements of facts. As the Seventh Circuit has noted numerous times, "district courts are not obliged in our adversary system to scour the record looking for factual disputes ...." *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 922 (7th Cir.1994).

Defendant's 12(M) statement is plainly both improper and deficient. Yet defendant had the audacity to file a memorandum in opposition to plaintiff's motion to strike the statement, claiming that its statement complies with the local rule. Apparently defendant is laboring under the mistaken impression that plaintiff is the only party required to cite facts. As the Supreme Court has held, however, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ Local Rules 12(M) and 12(N) were promulgated to clarify litigants' obligations under Fed.R.Civ.P. 56. Failure to comply with the local rules is not merely a "harmless technicality," but can be a "fatal" mistake. *Waldridge,* 24 F.3d at 923. The Seventh

---

1. All the local rules of this court will soon be renumbered, and Local Rule 12(M) will become Local Rule 56.1(a).

Circuit has repeatedly upheld the strict application of Local Rule 12. *See, e.g., Schulz v. Serfilco, Ltd.,* 965 F.2d 516, 519 (7th Cir. 1992). Because defendant's purported 12(M) statement does not comply with the Federal Rules or the Local Rule, the court grants plaintiff's motion to strike the statement. Moreover, Local Rule 12(M) "expressly permits the denial of a summary judgment motion for non-compliance with its terms." *Tomaszek,* 1992 WL 26734, at *2. This option is particularly appropriate in the instant case.

Defendant's motion for summary judgment is therefore denied. Defendant's motion to strike plaintiff's affidavit is denied as moot. This case is set for trial on the January 2000 trial call.