Dorothy M. **BALLWANZ**, Plaintiff,

v.

**TRAVENOL LABORATORIES,
INC.**, Defendant.

No. 85 C 9017.

United States District Court,
N.D. Illinois, E.D.

July 22, 1988.

Murray B. Woolley, Robert E. Colan, Chicago, Ill., for plaintiff.

David J. Parsons, Wildman, Harrold, Allex & Dixon, Chicago, Ill., for defendant.

## ORDER

NORGLE, District Judge.

This case comes before the court on defendant's motion for summary judgment. For the following reasons, the motion is granted.

*Facts*

Plaintiff began working for defendant, Travenol Laboratories, Inc. (now known as Baxter Healthcare Corp.) in 1973 as a machine operator. She was promoted to Quality Control (QC) Supervisor in 1976. Defendants' QC Department consisted of two functional areas: production and support. Plaintiff and Bill Ewald were the two QC supervisors in the support function. There were four QC production supervisors: Lynn Friedlund, Karen Roberts, Terry Neff, and Ralph Rita. All six held the job title "Quality Control Supervisor." However, their duties and responsibilities differed. For example, the QC production supervisors interfaced much more with production than the supervisors in the support function. QC supervisors of production and support were viewed as separate jobs; they were evaluated under different standards, and plaintiff refers to times she worked as a QC production supervisor (as opposed to her usual work as a QC support supervisor).

For economic reasons, the QC Department was instructed to evaluate areas where it could reduce personnel and thereby achieve cost savings. Kirk Tylor, the QC superintendent in charge of the support function, determined that there was a need for only one QC support supervisor. He recommended to his superior, Gary Botsford, the QC manager (who was in charge of the entire QC Department), that Ewald, rather than plaintiff, be retained. In July,

1984, Botsford decided to accept this recommendation. Subsequently, Botsford and Tylor effectively offered plaintiff a choice between an available technician position and a separation agreement providing plaintiff outplacement and four months severance pay. Plaintiff was offered this choice in November, 1987. Because she perceived the technician job as a demotion, she signed the separation agreement on November 14, 1984.

Plaintiff subsequently brought this action against defendant, claiming that her termination was based upon her age and therefore proscribed under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* Defendant argues that no genuine issues of material fact exist to support such a claim.

Rule 56(c) of the Federal Rules of Civil Procedure provides that a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ. P. 56(c). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A plaintiff cannot rest on mere allegations of a claim without any significant probative evidence which supports his complaint. *Id.; see First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Accordingly, the nonmoving party is required to go beyond the pleadings, affidavits, depositions, answers to interrogatories and admissions on file to designate specific facts showing a genuine issue for trial. *Id.*

In order to prove age discrimination under the ADEA, the plaintiff has the burden of proving that age was "a determining factor" in any adverse employment decision entered against her, in the sense that she would not have been subject to such action "but for" the defendant's motive to discriminate against her because of her age. *See, e.g., La Montagne v. American Convenience Products, Inc.,* 750 F.2d 1405, 1409 (7th Cir.1984). Plaintiff must first present a prima facie case for violation of the ADEA. To satisfy this burden in a reduction in force case, a plaintiff must show "that he was within the protected age group, that he was performing according to his employer's legitimate expectations, that he was terminated, and that others not in the protected class were treated more favorably." *Oxman v. WLS–TV,* 846 F.2d 448, 455 (7th Cir.1988).[1] Here, plaintiff was 47 years old when she signed the separation agreement and at least one other QC supervisor, Lynn Friedlund, was under 40 and was not terminated. Furthermore, defendant has not argued that no reasonable jury could conclude that plaintiff was performing her job adequately. Thus, at least for purposes of this motion, plaintiff has come forth with a prima facie case for violation of the ADEA.

Because plaintiff has presented a prima facie case, the burden of production shifts to defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment decision suffered by plaintiff. *See, e.g., Dorsch v. L.B. Foster Co.,* 782 F.2d 1421, 1424 (7th Cir.1986). Defendant made a business decision to reduce its force where possible. Defendant further decided that there was only a need for one QC supervisor. Defendant also decided that of the two QC supervisors, Ewald was more qualified. Defendant presents evidence that Ewald had greater experience, education, and aptitude. Therefore, defendant has met its burden of production.

Once a defendant meets its articulation burden, the burden returns to the plaintiff

---

**1.** Defendant's counsel is commended for the prompt and professional manner in which it brought this case to the court's attention.

to prove by a preponderance of the evidence that the defendant's articulated reason for terminating her was a "pretext" for discrimination. *See, e.g., id.* Evidence of pretext must be more than a mere re-examination of the validity of a defendant's business judgment. Rather, that evidence must demonstrate that a discriminatory reason, rather than a performance-related reason was used. *Id.* at 1426.

■ Plaintiff offers two arguments to support a charge of pretext. First, plaintiff points to a conversation between plaintiff and Tylor, which occurred sometime between February, 1984 and November, 1984, which plaintiff alleges went as follows:

Referring to the emotional, rather than the physical trauma of a demotion, I said that I did not know if I could handle starting over. Kirk [Tylor] said, "It probably won't be easy at your age." I said you'd better be careful of that you say. He agreed and said yes, you could file suit.

(Pl.Affid. B, ¶ 2).

This alleged conversation is not probative of pretext; even assuming that it took place as alleged,[2] it does not constitute evidence of age discrimination. Plaintiff expressed distress to Tylor, who sympathized with plaintiff. Tylor in no way implied that his decision was based on plaintiff's age. Furthermore, the statement "yes, you could file suit" does not imply that such a suit would be meritorious. It merely expresses a well-founded concern (as evidenced by the filing of this lawsuit) that any use of the word "age" by an employer when terminating an employee creates a risk of a lawsuit. The "court is not required to evaluate every *conceivable* inference which can be drawn from an evidentiary matter, but only reasonable ones." *Parker v. Federal National Mortgage Association,* 741 F.2d 975, 980 (7th Cir.1984) (emphasis in original) (finding perfor-

mance review stating "[t]his is one of the younger members of the regional staff" does not constitute evidence of discriminatory motive of employer against older plaintiff, and affirming summary judgment for defendant); *accord, Holly v. City of Naperville,* 603 F.Supp. 220, 223, 229–30 (N.D.Ill.1985) (supervisor statement "that he preferred having plaintiff resign rather than being fired because his chances of getting another job would be limited by his age, handicap, and race" not evidence of discriminatory intent, and summary judgment as to ADEA claim granted); *Barnes v. Southwest Forest Industries, Inc.,* 814 F.2d 607 (11th Cir.1987) (affirming summary judgment for employer of security guards despite personnel manager's statement at time of plaintiff's termination that he did not believe plaintiff could pass a physical exam "at his age").

■ The second argument plaintiff makes to support its allegation of pretext is that three of the QC production supervisors (who were retained) were younger and less qualified than plaintiff. Plaintiff does not deny that Ewald, the other QC support supervisor, was more qualified than she. Plaintiff does not dispute that QC production and support supervisors performed different functions. Therefore, plaintiff in effect argues that defendant should have terminated a QC production supervisor and transferred her to that role, and that defendant's failure to do this is evidence of pretext.

Plaintiff argues that she was more qualified than the retained QC production supervisors. Yet, those supervisors received higher performance appraisals than plaintiff in 1983, the year prior to plaintiff's termination. Plaintiff argues that she has more experience than those supervisors. However, most of the experience she refers to is as a QC support supervisor. Plaintiff offers only vague references to work as a

---

**2.** At her deposition, plaintiff was unable to identify any age-related statement made by Tylor. However, after that deposition, subsequent to defendant's opportunity to cross-examine her, and shortly after defendant filed its motion for summary judgment, plaintiff filed an affidavit claiming to recall that Tylor had stated: "it probably won't be easy [to start again] at your age." Defendant urges the court to reject this newly-found recollection. However, the court must accept plaintiff's affidavit account of the conversation as true for the purpose of this motion, since that account does not directly contradict plaintiff's deposition testimony.

QC production supervisor: she claims that she was "periodically assigned to work in production," (Pl.Affid. A, ¶ 2), and "can't be specific" as to when she worked as a QC production supervisor (Plaintiff Deposition, p. 61.). This is not evidence of superior experience for the job of QC production supervisor. At best, it is evidence that plaintiff was capable of performing the QC production supervisor job. Yet, no reasonable jury could interpret an employer's decision not to replace more experienced personnel who received higher performance appraisals as evidence of age discrimination, notwithstanding plaintiff's allegedly greater experience in other jobs within the company and longer period of formal education. As was aptly stated by Judge Shadur:

> [T]he fact that an employer fails to find some way of retaining an older employee, even at the expense of firing a younger one, is not evidence of a discriminatory motive.

*Zick v. Verson Allsteel Press Co.*, 644 F.Supp. 906, 913 (N.D.Ill.1986), *aff'd mem.*, 819 F.2d 1143 (7th Cir.1987). In fact, even replacement by a younger employee does not itself constitute evidence of pretext. *Holly*, 603 F.Supp. at 230.

In sum, plaintiff has failed to provide evidence that defendant's stated business justification for her termination was a pretext, and that the true reason for her termination was age discrimination. Therefore, defendant's motion for summary judgment is granted.

IT IS SO ORDERED.

